(No. 12101.—Affirmed in part.)

THE FEHR CONSTRUCTION COMPANY *et al.* Defendants in Error, *vs.* THE POSTL SYSTEM OF HEALTH BUILDING *et al.*—(CHAPIN & GORE, Plaintiff in Error.)

*Opinion filed June 18, 1919—Rehearing denied October 8, 1919.*

1. PRACTICE—*rule as to when judgment must exceed $1000 to be reviewable on certiorari.* The provision of section 121 of the Practice act that in actions *ex contractu* or sounding in damages there must be a judgment for more than $1000 to authorize the Supreme Court to entertain a petition for writ of *certiorari* to the Appellate Court applies to all cases, either at law or in equity, where the object of the suit is the recovery of money, only, and no other independent relief is sought, except actions involving a penalty.

2. MECHANICS' LIENS—*jurisdiction of Supreme Court to review mechanic's lien proceeding.* Claims for mechanic's liens are permitted, under the statute, to be joined and prosecuted as one suit, but in determining the jurisdiction of the Supreme Court to review the judgment of the Appellate Court on *certiorari* the judgments or decrees on the various claims must be regarded as separate and distinct.

3. SAME—*when court may admit evidence to show what items are lienable and amount thereof.* Where no definite price is agreed to in a contract for work and material furnished there is an implied contract for the reasonable cash market value thereof, and a court of equity may admit evidence for the purpose of showing what items are lienable and what is their value.

4. SAME—*what are alterations or repairs within meaning of Lien act.* Improvements which add to the height or depth of a building, or that change, increase or repair the interior accommodations thereof, are repairs or alterations within the meaning of the Lien act, and the lien attaches if any floor or room of the building is so repaired or altered.

5. SAME—*when fixtures are permanent.* Fixtures are permanent and not merely trade fixtures where they are firmly attached to the realty, are adapted to and necessary for the purpose for

which the premises are used and leased, and were intended by the parties to the lease to become a part of the realty.

6. SAME—*what rules for determining fixtures apply to lienor and lienee.* The rules for determining what are fixtures between landlord and tenant are not applicable between lienor and lienee, but the rules to be followed are those applicable between vendor and vendee, between mortgagor and mortgagee or between heir and executor, which are more strict than the rules as to landlord and tenant.

7. SAME—*owner who permits lessee to improve property is subject to Lien act.* An owner who agrees, without restriction, that his lessee shall place buildings or other improvements upon his property thereby authorizes or knowingly permits his property to be improved within the meaning of the Mechanic's Lien act, and cannot be heard to say, as against a claim for lien, that the cost is excessive or the improvement undesirable or unprofitable.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

WILLIAM S. NEWBURGER, and BENJAMIN P. RUEKBERG, for plaintiff in error.

BULKLEY, MORE & TALLMADGE, for defendant in error the Harty Bros. & Harty Company.

M. D. DOLAN, (FREEMAN K. BLAKE, of counsel,) for defendants in error James H. Roche and Pickett & Felden.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Defendant in error the Fehr Construction Company, as contractor, filed its bill in the circuit court of Cook county on May 8, 1912, to enforce a claim for a mechanic's lien against plaintiff in error, Chapin & Gore, a corporation, and the Postl System of Health Building, and their property known as Nos. 61-69 East Adams street. Thereafter leave was given by the court to the Harty Bros. & Harty Company, as a sub-contractor under the contract of the

Fehr Construction Company, and to E. J. Pickett and A. G. Felden, co-partners, James H. Roche, the Davidson Bros. Marble Company and Benjamin F. Hanson, as contractors, to file intervening petitions to establish their claims for mechanics' liens against said owners and their property. The Postl System of Health Building and the Central Trust Company, its trustee in bankruptcy, made default. Plaintiff in error filed its answer to the bill and the petitions. The causes were referred to the master in chancery, who made his report finding in favor of the lienors. Objections were filed by plaintiff in error to the master's report and findings, which were overruled by the court, and exceptions were then filed and overruled and decrees were entered in accordance with the master's report and for sale of the property. On appeal the Appellate Court for the First District affirmed the decrees in favor of the Davidson Bros. Marble Company and Benjamin F. Hanson, and those decrees are not pending in this court for review. The decrees in favor of the other defendants in error were all reversed by the Appellate Court and the causes were remanded, solely for the reason that in all the claims there were lienable and non-lienable items, the values of which were not disclosed either by the contracts or the record evidence. Thereafter the causes were re-docketed in the lower court and referred to the master in chancery, and he heard and reported the evidence as to the reasonable and customary value of the non-lienable items in the several contracts, and the court entered its decrees for liens in favor of the defendants in error for the other items held to be lienable. On the second appeal to the Appellate Court that court entered its order affirming the decrees. The causes are brought to this court for review on a petition for *certiorari.*

The first decision of the Appellate Court is reported as *Fehr Construction Co.* v. *Postl System of Health Building,* 189. Ill. App. 519, to which reference is made for a more complete statement of the facts and holdings of that court.

The court's decree in favor of the Fehr Construction Company is for $743.95 and interest from March 22, 1912, to the date of the decree, July 8, 1916, of which principal sum the Harty Bros. & Harty Company, as sub-contractor, is decreed $346.05 and interest. The decree in favor of E. J. Pickett and A. G. Felden is for the sum of $240 and interest for the same. These contracts were entered into with Chapin & Gore's lessee, the Postl System of Health Building, the former being for the material and the construction of office partitions from floor to ceiling on the seventh floor of said building, with doors and lockers for the same, side partition to be tiled in part and plastered in part with two coats of plaster, and also for the material and the construction of twenty-three lockers and partitions seven feet high, including birch doors for lockers and locks, and an oak railing with two gates, all according to certain plans. The total contract price for said work and materials was for one lump sum, $989, without specifying the price of any part of the work or material. There were extras amounting to $204.95, itemized as follows:

| | |
|---|---:|
| Picture moulding, top of lockers | $4.50 |
| Rack for letter file | 16.00 |
| Furnishing and laying muslin | 1.75 |
| Replacing handles on filing cabinet, repairing doors | 5.90 |
| Two shelves, stenographer's desk | 3.50 |
| Oak shelf, visitor's register | 4.00 |
| Changing door and partition | 9.50 |
| Cutting and fitting around columns | 6.50 |
| Shelves in lockers | 8.90 |
| Difference in price of hardware | 22.75 |
| Plastering, patching in tailor shop | 1.80 |
| Shelving in buffet kitchen | 6.55 |
| Installing hooks | 12.00 |
| Installing keyboard | 2.50 |
| Boarding up around urinal | 2.50 |
| Putting three shelves in locker No. 2 | 1.00 |
| For contract completed | 989.00 |
| Total | $1,098.65 |

There was a general payment made on this contract of $350 by the Postl System of Health Building. The con-

tract of Pickett & Felden was for furnishing the material and painting, enameling, varnishing and decorating the walls, partitions, woodwork, lockers, etc., on said floor, and was for one lump sum, $365, including extras, $40, and no price was specified for any individual part of the work or materials.

The basis of the claim of the contractors and the sub-contractor for liens against plaintiff in error and its property is the charge that the plaintiff in error authorized or knowingly permitted its lessee to contract for or to make said improvements, and that they are permanent fixtures.

The court heard evidence as to the value of the work and materials employed in the construction of the twenty-three lockers and of a number of the other items of work and material furnished by the Fehr Construction Company under its contract which the court found to be non-lienable and that the aggregate value thereof was less than the general payment on the contract of $350, and applied the payment first upon those items in order to give the contractor its mechanic's lien for the other articles found to be lienable, after deducting the remainder of the payment from the value thus found of the lienable articles. The court also found that Pickett & Felden were not entitled to a lien for a portion of the work and materials furnished by them under their contract, which finding included the work and materials employed in painting and varnishing the lockers, and it appears also to include other items that are not identified by the record or·by the briefs and arguments of counsel. The total value of such articles was found to be less than the general payment of $125, and these contractors were therefore given a lien for the other items found by the court to be lienable, for the total contract price less said payment.

All of the foregoing decrees are for liens under the Mechanic's Lien law, as above disclosed, and every one of them is for a much less sum than $1000. The limitation of sec-

tion 121 of the Practice act that in actions *ex contractu* or sounding in damages there must be a judgment for more than $1000 in order that the Supreme Court may grant a writ of *certiorari* to review the judgment of the Appellate Court applies to all cases, either at law or in equity, where the object of the suit is the recovery of money, only, and no other independent relief is sought, except cases involving a penalty. (*Lansingh* v. *Dempster,* 255 Ill. 161; *Dime Savings and Trust Co.* v. *Watson,* 283 id. 276.) The suits for liens are distinct and separate suits, permitted to be joined and prosecuted under the statute as one general suit or proceeding, but must be considered as several and distinct claims or suits for the purpose of determining our jurisdiction on review by *certiorari.* The writ must therefore be dismissed as to said three suits, as we have no jurisdiction to review any of the decrees.

The contract between Roche and the lessee was verbal and for the installation in said building of a shower bath and other fixtures and appliances to be used in connection with it, the contract prices for which were not fixed either as to the material or appliances or for the work of installation. There was a payment of $100 on this contract by the Postl System of Health Building. The Appellate Court found that this contract included items that were not permanent fixtures, and that they are not properly a subject matter of a lien under the evidence. These items included two electric cabinets, four curtains and hooks, standard bolts for curtains, and all labor employed in installing the same. The circuit court, on remandment, found the aggregate value of said items to be $1739.54, and applied the $100 payment on the contractor's claim for them. The Appellate Court held that the shower bath and other fixtures used in connection with it are alterations of the building, fixtures or improvements within the meaning of the Mechanic's Lien act, and not trade fixtures. The circuit court found that the reasonable market value of these fixtures, including the

work of installing them, is $1755.46, and entered its decree for lien in that sum against plaintiff in error and said property. The shower bath on the seventh floor was connected with a water boiler twelve feet high and six to eight feet in diameter and of the capacity of 55,000 gallons, and another tank, both located in the basement. The connection with the shower bath was made by a circulating three-pipe system embedded in a groove in the walls. On the third floor these pipes are covered with asbestos and fireproof casing on the walls, which had to be removed to install the pipes and then replaced. Marble, five feet high on one of the walls, had to be removed and replaced to install the pipes, and the pipes on the seventh floor passed through the partitions out of sight and are covered by the michaelite tile, which is three inches thick. Connected with the hot water boiler by a two-inch pipe is a pneumatic pump for furnishing the necessary pressure for the shower bath, which is connected with a dynamo and also attached to the walls by lag bolts and four pipes anchored to the stones and cemented. The hot water boiler is embedded in the floor six inches. These fixtures were further connected to the water main in the street by water pipes and a water meter for this system, because the superintendent of plaintiff in error had so directed, as the amount of water to be used by the lessee would increase the water rates of the building. He required the lessee to pay for the water used by it. Other fixtures were also connected with the shower bath that were necessary parts thereof, and the toilet and the urinal were also installed in connection therewith and firmly fixed to the floor. The entire fixtures were necessary parts of one complete, connected system, which was installed and used for administering baths to the patrons of the lessee.

The premises were demised to the lessee to be occupied and used as a physical culture institute, to provide for business men a system of health building. That corporation

became bankrupt and ceased its business there before these suits were brought. The premises are now occupied by another tenant in the same business. The first and second floors of the building are occupied by plaintiff in error as a wholesale liquor house. The other floors were occupied and used by various tenants for various mercantile and business purposes, and the building, as disclosed by the evidence, was not designed or built for any particular character of business, but with the intention of leasing it to all such persons as might desire to rent it for business and pay good rent for the same.

The various improvements installed by the lessee of the plaintiff in error are clearly alterations or repairs of the building within the meaning of our statute, and the articles combined and installed by Roche are parts of those alterations, and they are so firmly attached to and embedded in the walls and floors of the building that they could not be removed without serious damage to the same. They are permanent fixtures. Our statute gives a lien to any contractor for improving, altering, repairing or ornamenting any house or other building, or to one who furnishes material, fixtures, apparatus or machinery to improve the same, by any contract, expressed or implied or partly expressed or implied, with the owner, or with one whom such owner has authorized or knowingly permitted to contract for such improvement. While Roche's contract fixed no definite price for the articles and material and work contracted for, there was an implied contract that the prices for the articles and material furnished should be their reasonable cash market value and for the work the usual and customary prices that obtained for such work. The contract was such that the part of the work and material that was lienable could be definitely distinguished and separated from the part thereof that was not lienable and the value or price thereof definitely fixed. The court therefore properly admitted evidence for that purpose and properly ap-

288 — 41

plied the payment on the items not lienable. *Haas Electric Co.* v. *Amusement Co.* 236 Ill. 452.

It is insisted by plaintiff in error that the machinery, materials, etc., furnished by Roche were not used in the building, altering, repairing or ornamenting of the building within the meaning of the Lien act. Improvements which add to the height or depth of a building, or that change, increase and repair the interior accommodations thereof, are repairs or alterations within the meaning of that act. (18 R. C. L. 914; *Grantwood Lumber and Supply Co.* v. *Abbott*, 80 N. J. L. 564.) The entire building of plaintiff in error was not altered or repaired, but that is not necessary, under our statute, to entitle the contractor to a lien. The lien attaches if any floor or room of the building is repaired or altered.

The articles installed are not trade fixtures, as insisted by plaintiff in error. They are fixtures firmly attached to the realty. They are adapted to and necessary for the purpose to which the portion of the premises leased is now devoted and for which it was leased. The parties to the lease intended that these fixtures and alterations should become a part of the realty. These three requisites of permanent fixtures necessarily determine and fix the irremovable character of said improvements so installed. (Note in Ann. Cas. 1912B, 21-25.) Annexation of appliances which are ordinarily to be considered personal property results from such appliances being connected as integral parts with a single system of machinery which as a whole has been annexed to the land. (Same note in Ann. Cas. 1912B, 27; *Dobschuetz* v. *Holliday*, 82 Ill. 371; *Haas Electric Co.* v. *Amusement Co. supra.*) The intention of the parties to annex the fixtures as a part of the realty is disclosed by the written lease of plaintiff in error to the lessee. It gives express permission to install the shower bath, and further provides that all alterations of the premises shall remain for the benefit of the lessor unless otherwise provided in a writ-

ten consent, and that the lessee will keep the premises in good repair. The rules for determining what are fixtures between landlord and tenant are not applicable between lienor and lienee. The rules to be consulted are those applicable between vendor and vendee and between mortgagor and mortgagee or between heir and executor. (Note in Ann. Cas. 1912B, 21). The rule as to what constitutes fixtures, as between an executor and an heir or as between a vendor and a vendee, is much more strict than between a tenant and a landlord. 1 Pope's Legal Definitions, 558; *Owings* v. *Estes,* 256 Ill. 553.

The evidence in the record is abundant to show that plaintiff in error authorized and knowingly permitted its lessee to contract for said improvements and that it directed the workmen and Roche where to place some of these fixtures. Besides, one who agrees with another that he shall place buildings or other improvements upon his property thereby authorizes or knowingly permits such other to improve his property within the meaning of the Mechanic's Lien law, and cannot be heard to say that the cost is excessive or the improvement undesirable or unprofitable when there are no restrictions as to the extent of such improvement. *Haas Electric Co.* v. *Amusement Co. supra.*

The decree of the circuit court, and the order of the Appellate Court affirming the same, as to defendant in error Roche are affirmed. The writ is dismissed as to the other defendants in error.      *Affirmed in part.*