J. J. Daly, Appellee, v. Charles D. Ling et al. Samuel Goldberg and Harry Goldberg, Appellants.

Gen. No. 32,213.

Opinion filed February 27, 1928.

ERNEST SAUNDERS, for appellants.

GOOD, CHILDS, BOBB & WESTCOTT, for appellee; F. L. HARRIS, of counsel.

Mr. Presiding Justice Matchett delivered the opinion of the court.

The appellants were the owners of certain premises demised to one Ling, and they appeal from a decree which gave a lien under the Mechanic's Lien Act, Cahill's St. ch. 82, ¶ 1 *et seq.,* to Daly, a plumber, who furnished material and labor in connection with certain work done upon the premises at the request of Ling, the tenant.

The cause was heard by the chancellor upon exceptions to the report of a master to whom the cause had been referred. The master reported in favor of the complainant, the exceptions of the defendants, Samuel and Harry Goldberg, were overruled and a decree entered in accordance with the finding of the master.

The facts found by the master were that Goldbergs had made a lease with Ling for a term of three years beginning May 1, 1924, the lease providing that the premises should be used for a restaurant. The lease contained these provisions:

"*Fourth.* Lessee * * * agrees and admits that no agreement or promise to * * * alter, repair or improve said premises either before or after the execution hereof not contained herein has been made by the lessor or his agent.

"*Fifth.* Lessee shall make all necessary repairs and alterations upon said premises. * * *

"*Eighth.* Lessee * * * shall make no changes or alterations in the premises by the erection of partitions or the papering of walls or otherwise without the consent, in writing, of the lessor. And in case he shall * * * place in said demised premises lighting fixtures or any fixtures of any kind without the consent of the lessor first had and obtained such * * * fixtures shall remain for the benefit of the lessor and without expense of removal or maintenance of the lessor.''

The premises had been vacant for three months prior to the lease to Ling, and there was at that time no equipment, gas, water, drain connections or supply pipes in the premises which could have been used by Ling in the operation of the restaurant.

On May 24, 1924, Ling entered into a verbal contract with Daly for the furnishing of materials and labor and installing gas, water, plumbing and drain connections for the kitchen equipment to be installed in the premises. This equipment included an ice box, steam tables, ranges, sinks, coffee urns and a rice cooker. The fixtures were not furnished by Daly but were found upon the premises when he began his work. Daly furnished plumbing material and labor necessary to connect these fixtures for use in the restaurant. He began on May 24th or 25th and completed the job on June 13, 1924. The Goldbergs saw the work being done, and they at no time made any objection thereto. Within four months from the date of the completion of the work, the complainant Daly filed his claim for mechanic's lien in the office of the clerk of the circuit court. Ling paid rent under the lease only for the month of May. He defaulted on the June and July rental, and the Goldbergs confessed judgment against him on the lease for the rent for those months and forfeited the lease.

The various exceptions to the master's report are based on the theory that the master erred in finding that complainant was entitled to a lien. It is argued quite at length that the claim for lien was insufficient and the bill insufficient to sustain the decree, but we think the controlling question in the case is whether the nature of the work done and materials furnished was such as to make the same lienable within the meaning of the Mechanic's Lien Act, Cahill's St. ch. 82, ¶ 1 et seq.

The evidence tends to show that the work performed by the complainant consisted in running pipes from

the gas ranges to the gas main; that these were extended in the basement and brought up through the floor in the basement and connected to steam tables, gas stoves and a rice cooker; that the pipes were not attached to the walls but went right up through the floor below the fixtures themselves; that pipes were also run to a two or three compartment sink and that these came up through the floor and went to various parts of the sink; that drains were also run through the floor and connected to the sewer according to a plan provided by the city ordinance which is explained to mean, extending the pipes from a waste point to a point below the ice box, trapping it, running the waste from the ice box in there without a connection directly to the sewer.

The particular manner in which these connections were attached to the premises does not further appear from the evidence. In *Fehr Const. Co. v. Postl System of Health Building,* 288 Ill. 634, the court held that there were three necessary requisites of permanent fixtures which would fix the irremovable character of the same: First, that they were firmly attached to the realty; second, that they were adapted to and necessary for the purpose to which the portion of the premises leased was devoted and for which it was leased, and, third, that the parties to the lease intended that these fixtures and alterations should become a part of the realty. The court there also held that the rules for determining what were fixtures between landlord and tenant were not applicable between a lienor and lienee, but on the contrary the rules which obtain between vendor and vendee, mortgagor and mortgagee or between heir and executor were applicable.

In *R. Haas Electric & Manufacturing Co. v. Springfield Amusement Park Co.,* 236 Ill. 452, the court said, quoting from 27 Cyc. 38:

"Whether or not machinery is within the lien laws usually depends upon whether it has become a fixture.

If it is stationary and firmly attached to the realty, so as to become a part thereof, it is the subject of a lien, otherwise not.''

The undisputed evidence shows that none of the plumbing installed by Daly remained on the premises after it was vacated by Ling. In the recent case of *Hoier v. Kaplan,* 313 Ill. 448, the court pointed out that mechanics' liens were purely statutory, in derogation of the common law, and therefore must be strictly construed; that the liens should not be extended to cases not provided for by the language of the act, even though the same may fall within its reason. There is no evidence here that these connections which were installed were intended by the parties to become a part of the premises, and we think under the rules cited it was necessary for the complainant to show that fact.

Our views on this point make it unnecessary to discuss other alleged errors.

For the reasons indicated, the judgment will be reversed and the cause remanded with directions to dismiss the bill.

*Reversed and remanded with directions.*

O'Connor and McSurely, JJ., concur.