266

B. R. Westphal et al., Appellees, v. Albert C. Berthold
et al., Appellants.

Gen. No. 8,721.

Opinion filed January 19, 1934.

FRED B. SHEARER, for appellants; WALTER R. O'MAL-
LEY, of counsel.

EMIGH & COCKFIELD, for appellees; JOHN S. PETERSEN, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The appellees filed a suit in the circuit court of Kane county asking for a mechanic's lien against the property of the defendants in said county. The bill of complaint is in the usual form as in such cases and alleges that the appellees, the complainants in the bill, had furnished material for the construction of a building upon the property of the defendants. The bill alleges that a contract was made with J. A. Foster, a tenant in possession of the premises, for the erection of a building to be used as a restaurant and lunch room; that Albert C. Berthold was the owner of the premises, and had knowledge of the making of the improvements by Foster, and that by reason of such knowledge, A. C. Berthold knowingly permitted the improvements to be made; that the building erected on said premises was a permanent and valuable improvement to the property.

The answer of the appellant, Albert C. Berthold, admits that the appellees were engaged in the business of selling building material as represented in the bill of complainant; that he is the owner in fee simple of the lot upon which the building is erected.

The answer further admits that on or about the 3rd day of July, 1929, the defendant, J. A. Foster, entered into possession of the premises described, under and by virtue of a certain lease, from the defendant Berthold, for a term of one year; that said lease was of the same date; that said Foster was in possession of the premises under the terms of said lease until about the 1st of October, 1929.

The defendants further in their answer aver that they are not advised whether the building material as

alleged in the bill of complaint was furnished to Foster to be used in the erection of the building, but calls for strict proof in regard thereto. The answer denies that the building erected upon the premises was a permanent improvement, or that it enhanced the value thereof, and claims that the building constructed was a temporary one, of frame construction with brick veneer on the exterior. The answer charges that the defendant, A. C. Berthold, gave each of the complainants notice that the property was under lease and that he would not be responsible for any labor or material used in the construction of any structure that might be built upon said premises, and that the premises would not be subject to a lien for any labor or material, if such is furnished therefor. This notice was dated July 24, 1929. The defendant, Berthold, further answering denied that any improvement was made upon the premises described in the bill with his consent, authority, or knowledge.

Replications were filed to the answer. The court heard the evidence and found the issues in favor of the complainants and entered a decree in conformity with his findings. From this decree the appellant, Berthold, brings this case to this court for review.

It is first insisted by the appellant that the Mechanics' Liens Law, Cahill's St. ch. 82, ¶ 1 *et seq.*, is a statute passed in derogation of the common law, and as such it has been uniformly held in this jurisdiction that the law must be strictly construed against lien claimants. This rule has been long established and needs no quotation of authorities to support it. The appellees admit this to be the law. The question then arises: Have the appellees, the original complainants, shown such a case as would entitle them to a lien as prayed for in their bill of complaint?

By the stipulation entered into between the parties there is no question but that the appellees furnished

the material which was used by Foster in the erection of the building on the appellant's premises; that the appellant had knowledge of the intention of Foster to erect a building upon the premises; that the building as completed was approximately 26 feet wide and 40 feet long, with solid brick walls. The walls were 8 inches thick and 12 feet high. The building is surmounted with a tile coping and has numerous windows, approximately four feet high on the three sides of the building. The building is set upon and rests upon a poured concrete foundation approximately three feet in the ground. It has steel lintels over the windows, with wooden floors, and roof covered with gravel. The completed building cost approximately $5,000; and was occupied by Foster from the 16th of August, 1929, to the 1st day of October, 1929. That the claims for the liens were filed in the time and manner prescribed by the statute of the State of Illinois is agreed. It is seriously contended by the appellant that the erection of this building was a temporary affair, and that his lease of July 31, 1929, provided that Foster was permitted to remove any improvements that he might make upon the lot at the termination of the lease. The appellant insists that the provision in this lease is a strong circumstance to show that it was the intention of the parties that this was a temporary, and not a permanent, improvement to be erected on the lot. The appellees reply that the nature of the building itself shows that it was meant to be a permanent structure on the lot. They further reply that the lease was made July 31, 1929, and that Foster went into possession of the premises under his prior lease of July 3, 1929, and that the contract for the building material was made, and a large portion of building material was delivered on the premises before the second lease was executed.

It is true that our modern engineers, with up-to-date equipment, might remove this building from the lot upon which it is built without tearing it down, but it would probably cost more than the building is worth. The usual method of moving a brick building is to tear it down, and then, of course, the improvement would be destroyed. After considering the leases, the use for which this building was constructed, its size, design, the material used and the manner of construction, we are of the opinion that this was a permanent improvement erected on the lot.

The notice appellant served on the materialmen does not affect the rights of the parties, because the notice was not served until after the contract for the building had been entered into between the appellees and Foster, and the greater part, if not all, of the material had been delivered on the premises to be used in the construction of the building.

The appellants insist that the court erred in not requiring the complainants to prove that the improvement made on the premises enhanced the value of the same. Section 1 of the Mechanics' Liens Statute, Cahill's St. ch. 82, ¶ 1, provides: "That any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of, or to improve the same, furnish material, fixtures, apparatus or machinery, . . . shall be known under this Act as a contractor, and shall have a lien upon the whole of such lot or tract of land . . . and improvements thereon for the amount due to him for such material, fixtures, apparatus, machinery, service or labor, and interest from the date the same is due."

Section 16 of the Liens Act, Cahill's St. ch. 82, ¶ 16, relates to improvements made on property that is in-

cumbered by mortgage or other property lien, and is the only section in the statutes that refers to the enhancement of the value of the land by means of the improvement thereon.

The appellant has cited numerous cases in which our Supreme and Appellate Courts have said that it is incumbent upon the party claiming the lien to show that the improvement enhances the value of the premises. An examination of the cases discloses that the court either held that the improvement was of a temporary nature, or else the right of a prior incumbrance was involved, or section 16 of the Mechanics' Liens Statute applied. The facts in *Williams v. Vanderbilt*, 145 Ill. 238, disclose that this was not a case between a lienholder and a prior incumbrancer. However, in the body of the opinion the court quotes a section of the Mechanics' Liens Law that was then in force. An examination of the same discloses that since the decision of that case the Mechanics' Liens Law has been amended and changed, so what the court said in the *Williams* case is not applicable to the case we are now considering.

We are of the opinion that in a case of this kind when a contractor is asking for a lien on property under section 1 of our Mechanics' Liens Law, where the owner of the property knowingly permitted the contract for the improvements to be made, the materials furnished and a building permanent in character erected on the owner's premises, it is not necessary for the contractor to allege, or prove, that the improvement enhanced the value of the property. However, the appellant is not in a position to raise this question for the Supreme Court in the case of *Fehr Construction Co. v. Postl System of Health Building*, 288 Ill. 634, at 643, in passing upon this question uses the following language: ''The evidence in the record is abundant to show that plaintiff in error authorized

and knowingly permitted its lessee to contract for said improvements and that it directed the workmen and Roche where to place some of these fixtures. Besides, one who agrees with another that he shall place buildings or other improvements upon his property thereby authorizes or knowingly permits such other to improve his property within the meaning of the Mechanic's Lien Law, and cannot be heard to say that the cost is excessive or the improvement undesirable or unprofitable when there are no restrictions as to the extent of such improvement.''

We are of the opinion that the court properly found that the building erected on the appellant's property was permanent in its character, and that the appellees were entitled to liens for the amount due them for the materials they furnished, and which were used in the construction of the building.

*Decree affirmed.*