**F. K. Ketler Company, Appellant, v. County Fair Grounds Corporation et al., Appellees.**

**Gen. No. 40,377.**

Original opinion filed April 26, 1939.   Rehearing opinion filed June 26, 1939.

Joseph E. Serhant and Owens & Owens, all of Chicago, for appellant; John E. Owens and Vincent G. Rinn, of Chicago, of counsel.

D'Ancona, Pflaum & Kohlsaat, of Chicago, for appellees.

Mr. Justice Hebel delivered the opinion of the court.

This is an appeal by the plaintiff from a decree entered by the court dismissing the plaintiff's bill for want of equity.  The plaintiff filed its complaint to foreclose a mechanic's lien.  The complaint sought to establish a mechanic's lien against property used as a fair grounds and an amusement park owned by the defendants, Arthur T. Galt and Ida Galt.  The case was re-

ferred to a master in chancery, who filed his report finding that the plaintiff had done all things necessary to establish a lien upon the leasehold interest of the County Fair Grounds Corporation, lessee, in the amount of $9,046.09, but that the plaintiff was not entitled to a mechanic's lien against the fee estate of the defendants, Arthur T. Galt and Ida Galt.

Objections were filed to the report by both the plaintiff and the Galts, and were heard as exceptions by the chancellor. The chancellor overruled the exceptions of the plaintiff and sustained the exceptions of the defendants Galt, and entered a decree dismissing the complaint for want of equity.

The defendants, Arthur T. Galt and Ida Galt, owned the premises at the southeast corner of River road and North avenue, in Cook county for many years. On May 31, 1932, they entered into a written lease with the County Fair Grounds Corporation, as lessee, whereby said premises were leased for an amusement park and fair grounds for a period of 10 years and 4 months. The lease provided, in part, that the rental was to be a minimum of $3,000 each year and as further rent "that proportion of the gross receipts of lessee from any and all sources, direct and indirect, as shall amount to fifty (50%) per cent or one-half of the net receipts during each of said periods aforesaid of calendar years and fractions of years"; that the $3,000 annual rental shall be deducted from gross receipts to arrive at the amount due the lessor; that all permanent improvements shall be amortized over a period of 10 years by deducting a certain amount from gross receipts each year; that all actual bona fide running expenses incurred and paid out by lessee shall be deducted, provided that no "fancy" salaries shall be paid anybody.

The lease further provided that the lessee may at any time during the lease, when not in default, erect on any portion of the premises any building or any additional building or buildings and may tear down any

building then situated thereon for the purpose of replacing the same with a new building or buildings of like or better character, upon condition provided in said lease about waivers of mechanics' liens and statements.

The lease also contained a provision that the lessee "will cause to be inserted or included in any and all contracts made by it for the erection of any new building . . . a clause or covenant by which the contractor, and every contractor . . . shall waive all his rights, if any, to a mechanics' lien, or other lien, upon the interest of the lessor in the premises." It is further provided that the lessee will include in such contracts a statement that the contractors are familiar with the provisions of the lease with reference to mechanics' liens, and that all waivers and statements are to be in the hands of the lessor before any work is done or material delivered on the premises; that the lessee will, within five days after the making of any such contract, furnish to the lessor a copy thereof.

It is further provided that the lessee upon the termination of the lease by lapse of time, forfeiture or otherwise, will take down and remove all buildings and structures and materials of all kinds placed upon the premises at any time at the expense of the lessee within 15 days of the termination of the lease in any way.

The lessee, County Fair Grounds Corporation, made a contract with the plaintiff on June 24, 1933, whereby the plaintiff agreed to construct a grandstand on the premises in question for the sum of $22,000. The record shows that the plaintiff proceeded with the work under this contract. In constructing the grandstand, the plaintiff made 52 excavations, approximately three feet square and three feet deep, all of which were filled with concrete, with anchor bolts extending out of the concrete. The plaintiff commenced the erection of the grandstand, which consisted of steel, and built a retaining wall 10 feet high and 12 inches thick, the full

length of the grandstand. After the steel work was completed the floor was put in, consisting of precast concrete slabs. There were three carloads of these cement slabs. After the floor was finished the plaintiff then installed 60,000 feet of lumber for the seats and the roof was installed. Thereafter the railings were installed and the painting of the grandstand was completed. The grandstand was completed in conformity with the plans and specifications. There was an extra item of $46.09. The plaintiff was paid $13,000 on account and issued a partial waiver of lien therefor. There is a balance due and owing to the plaintiff of $9,046.09. On November 24, 1933, a claim for mechanic's lien was filed in the office of the clerk of the circuit court, claiming a mechanic's lien upon the leasehold estate. Shortly prior to the filing of the complaint herein the defendants served a five-day notice on the lessee, and thereafter filed forcible entry and detainer proceedings. Judgment for possession was entered in favor of the defendants, Arthur T. Galt and Ida Galt, and thereafter the defendants entered into possession of the premises, including the grandstand.

It appears from the record that Mr. Galt visited the fair grounds on July 20, 1933, and was first acquainted with the fact that the grandstand was being erected upon the premises in question; that after learning of this, Mr. Galt, on July 20, mailed a letter to the plaintiff in this action in regard to the building of the grandstand. This letter is addressed to the plaintiff, F. K. Ketler Company, and is as follows:

"I understand you are the general contractors for the grand stand to be erected on property leased from me at the Southeast corner of River Road and North Avenue by the Fair People. My lease provides that there shall be a waiver of mechanics' liens by every one placing anything on the ground or doing any work thereon and every one has been notified further by filing notice as provided by law.

"I have not received the waiver from you, no doubt because I have been out of town. Probably Mr. Thompson or Mr. Gunkel have it for me but have not delivered it to me.

"I want a waiver of mechanics' liens by every one, the general contractor, sub-contractors and material men and anyone who might have a right to a lien otherwise.

"You are hereby notified of the terms of the lease against mechanics' liens and requested for the sworn statement provided by the mechanics' lien law as to those who are going to work or furnish material on the structure." and is signed by Arthur T. Galt, one of the defendants.

Subsequent to the mailing of this letter to the plaintiff, there was delivered to this defendant a written waiver of lien, dated July 14, 1933, which is in part as follows:

"To All Whom It May Concern:

"Whereas, . . . the undersigned F. K. Ketler Co. has been employed by Cook County Fair Grounds Corporation to furnish . . . for building known as Grand Stand.

"Now, Therefore, Know Ye, That . . . the undersigned, for and in consideration of . . . Dollars, and other good and valuable considerations, the receipt whereof is hereby acknowledged, do . . . hereby waive and release any and all lien, or claim or right of lien on said above described premises under 'An Act to Revise the Law in Relation to Mechanics' Liens, approved May 18, 1903, and in force July 1, 1903,' on account of labor or materials, or both furnished up to this date by the undersigned to or on account of the said Cook County Fair Ground Corporation. This waiver of lien is in favor of the ground only and not the building." and signed by the plaintiff. So it is to be noted that the waiver of lien applies only to the ground and that the plaintiff does not waive any rights

that it may have by way of a lien on the building. After receiving the letter from the defendant Arthur T. Galt, the plaintiff continued with the work in connection with the construction of the grandstand, but failed to comply with the notice that it had received regarding the waiver of liens other than the one to which we refer in this opinion. Therefore, in the further construction and completion of the work the plaintiff had notice of the lease between the defendants Galt and the Fair Grounds, and its attention had been called to the provision of this lease regarding the erection of buildings and the waiver of liens.

The plaintiff suggests that by the completion of the grandstand after receipt of the notice from Galt this work required and was of the value of the amount that is claimed as a lien upon the property in question. The plaintiff contends, however, that the contract between the plaintiff and the lessee did not contain the provision requiring the lessee to insert a waiver of the lien in any contract made by it, and the statement by the contractor that he was familiar with the provision of the lease relative to mechanic's liens. The record does show the mailing of this letter and the receipt of it by the plaintiff, and that it did have notice that there was a lease between the defendants Galt and the County Fair Grounds, and that the lessee knew that there were provisions calling for the waiver of liens. Therefore, it would seem to this court that this knowledge was sufficient to put the plaintiff on notice.

It is also suggested by the plaintiff that the facts in this case evidence a joint enterprise. When we examine the provision for the payment of rent, we find that the rental was to be a minimum of $3,000 a year and a proportion of the gross receipts of the lessee from any and all sources, as shall amount to 50 per cent, on one-half of the net receipts for each of the calendar years and fractions of years, which would not indicate that there was a joint enterprise as between the de-

fendant Fair Grounds and the defendants Galt. On the contrary, it is clear that the provision provides only for the payment of rent and the amount that is to be received by the defendants Galt.

From the record it appears that the plaintiff did not at any time investigate the title of the defendant, County Fair Grounds Corporation, and its right to permit the building of a structure of the kind that was erected upon the property, and the plaintiff now seeks to impose a lien on the property without having made an investigation as to ownership.

It does appear in the record that more than four months after the grandstand was completed, a claim for lien was filed with the clerk of the circuit court of Cook county. This claim for lien was sworn to by the president of the plaintiff corporation and claimed a lien only on the leasehold estate of the County Fair Grounds Corporation. It appears from this claim that no mention was made in that a claim for lien with reference to any claim being made against the fee simple estate in the premises involved, and is an indication that as far as the plaintiff corporation itself was concerned it had no intention of making any such claim as it is making at the present time; that by reason of this mechanic's lien waiver and by reason of the filing of the mechanic's lien claim against the leasehold estate only, it would appear that the plaintiff during the course of the construction of the grandstand and at the completion of the same, not only did not intend to make any claim against the fee simple estate of the defendants, but waived any claim that it might have against said fee simple estate.

The leasehold estate of the defendant County Fair Grounds Corporation was terminated on the 4th day of September, 1934, being prior to the filing of the complaint. The plaintiff contends that even though it may fail in having its claim for lien decreed to be a claim as against the fee simple estate of the defendants, that

it is nevertheless entitled to maintain its claim for lien upon the leasehold estate created by the indenture of lease between the defendants, as lessors, and the County Fair Grounds Corporation, as lessee.

While it is contended that the tenant had the right to remove a fixture, this right existed only during the tenancy or perhaps a reasonable length of time thereafter, and is controlled by the provision of the lease. The tenant did not exercise this right of removal within the time fixed by the lease, and under the authorities lost it altogether. Therefore, the plaintiff's lien is not attached to this so-called right of removal so as to permit it to remove the grandstand. The Supreme Court in the case of *Williams v. Vanderbilt,* 145 Ill. 238, upon this subject, said:

''A mechanic's lien, which attaches to a leasehold estate, is subject to all the conditions of the lease. (Citing cases.) Here, one of the conditions of the lease was, that, in case of default in the payment of the rent, the landlord could without notice declare the term ended, and re-enter the premises. A forfeiture will not be implied, nor is it favored by the rules of law. (2 Jones on Liens, sec. 1273.) But in the present case there seems to be no question as to the right of the appellee to forfeit the lease under its terms, nor do we see that there can be any question as to the effectiveness of the forfeiture which actually took place. . . . If the lease has been forfeited, the holder of the lien must pay all arrears of rent to the lessor before he can acquire the rights of the lessee thereunder, even by purchase.''

It appears that on August 13, 1934, the lessee, County Fair Grounds Corporation, being then in default in the payment of rent as provided for in the lease, a usual form five-day notice was served on behalf of the defendants Galts as landlords. The five days having elapsed and the rent not having been paid, forcible detainer proceedings were instituted before a justice

of the peace, and on September 4, 1934, a finding and judgment was entered in favor of the defendants against the County Fair Grounds Corporation. The lease having been canceled and the leasehold estate terminated, the defendants took possession of the premises.

No question has been raised by the plaintiff that the defendants were not within their rights in doing as we have above outlined, nor is the contention made that they did not take all the necessary and proper steps for the effective cancellation of the lease, the termination of the term and the complete forfeiture of the leasehold estate. And from the facts as they appear in the record it would appear that there is nothing to which the mechanic's lien claim could possibly attach. It cannot attach to the leasehold estate because that had been ended, and it cannot attach to the so-called right of removal, because of the fact that the tenant did not exercise that so-called right within the time stipulated in the lease, and for the reason that this was also forfeited when the tenancy was terminated.

For the reasons outlined in this opinion, we believe the court in dismissing the complaint for want of equity was fully supported by the facts in the record, and the decree of the court is affirmed.

*Decree affirmed.*

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.

## ON REHEARING.

The plaintiff filed its petition for a rehearing and upon due consideration by the court the motion for a rehearing was allowed.

The plaintiff questions whether the case of *Williams v. Vanderbilt,* 145 Ill. 238, is applicable in denying to the plaintiff a mechanic's lien against the leasehold estate. This case has been called to the court's atten-.

tion and the plaintiff contends that the opinion of the court was overruled by the passage of the Mechanics' Lien Act of 1903, when this Mechanics' Lien Act was amended, and suggests to the court that the act did not provide that the lien shall extend to the interests of the lessee at the time of making the contract, and there was added by amendment as the last line of section one: "and this lien shall attach as of the date of the contract."

Upon an examination of the authority cited by this court entitled *Williams v. Vanderbilt,* 145 Ill. 238, we find the Supreme Court held and used this language, which is pertinent upon the very question we have before this court:

"A tenant for life or years can not, by contract, create a lien upon the fee; he may, by contract, create a lien to the extent of his right and interest in the premises, but no further." And further in this opinion the court said:

"A mechanic's lien, which attaches to a leasehold estate, is subject to all the conditions of the lease." And the court further said: "A forfeiture will not be implied, nor is it favored by the rules of law (2 Jones on Liens, sec. 1273). But in the present case there seems to be no question as to the right of the appellee to forfeit the lease under its terms, nor do we see that there can be any question as to the effectiveness of the forfeiture which actually took place."

We are still of the opinion that the application of this authority to the case now pending is convincing, even though counsel contends that the amendment changes and in effect overcomes this authority, for the court in that opinion said, as we have quoted above, that a lien may be asserted to the extent of the right and interest in the premises of a tenant who is in possession by virtue of the terms of the lease. However, the further suggestion is made by the plaintiff that the court in the case of *Westphal v. Berthold,* 273

128

Ill. App. 266, said: "The facts in *Williams v. Vanderbilt*, 145 Ill. 238 . . . discloses that since the decision of that case the Mechanics' Lien Law has been amended and changed, so what the court said in the *Williams* case is not applicable to the case we are now considering." Of course it may be that what the court said in the *Williams* case is not applicable to the facts as disclosed in the *Westphal* case, but it is apparent that this case which has been called to our attention does not by its terms overrule the decision in the case now under consideration, and from an examination of the questions that have been called to our attention, we believe the opinion filed by this court is sustained by the authority quoted. Therefore we will adhere to the opinion as originally filed.

DENIS E. SULLIVAN, P. J., and BURKE, J., concur.