V & V CEMENT CONTRACTORS, INC., Plaintiff-Appellee, *v.* LA SALLE NATIONAL BANK, Trustee, *et al.*, Defendants-Appellants.

First District (1st Division)   No. 82—2299

Opinion filed November 7, 1983.

Frankel, McKay & Orlikoff, of Chicago (Jerome Meister, of counsel), for appellants.

Ronald N. Hominick, of Hominick & Schummer, of Vernon Hills, for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, V & V Cement Contractors, Inc., brought this action against defendant, Meister-Neiberg Co., Inc., and La Salle National Bank, to foreclose plaintiff's mechanic's lien for the construction of a concrete retaining wall under an oral contract. Following a bench trial, a decree of foreclosure and sale was entered and a lien placed on the defendant's property in the amount of $13,366.93, including interests and costs. Defendants now appeal claiming: (1) that plaintiff's mechanic's lien cannot be enforced since the improvement was constructed partially on property not owned by the defendants; (2) that the trial court erred in finding that payment under the contract was on a time and material basis rather than as a lump sum payment; and (3) that the trial court erred in denying defendants' counterclaim for damages incurred as a result of plaintiff's alleged defective performance.

The facts in this case are in dispute except for the following: In 1978 plaintiff and defendant, Meister-Neiberg, orally agreed that plaintiff would construct a concrete retaining wall on certain commercial property owned by defendant, La Salle National Bank, as trustee.

Meister-Neiberg caused the construction site to be graded and the corners of the property to be staked by a surveyor. Plaintiff constructed the retaining wall in October 1978, providing all of the labor and material for the construction. Following construction of the retaining wall, plaintiff billed defendants $11,103.75 for the work and a dispute arose as to the cost of constructing the wall. Defendants then had the property surveyed and discovered that the retaining wall encroached on the adjacent residential property. Prior to trial a second survey of the property was conducted which showed an encroachment varying from one-third of an inch to 5.4 inches over a distance of 375 feet. It is to be noted that defendant, Meister-Neiberg, is not a stranger to the adjacent residential property. The trial court found that Meister-Neiberg was the contractor-developer of both the commercial and adjacent residential properties.

At trial, James Crouch, the foreman on the job, testified that the plaintiff was prevented from properly constructing the retaining wall due to muddy ground conditions. According to Crouch, he informed Al Neiberg, defendants' agent, that the ground was too wet and muddy to begin construction, but Neiberg insisted that plaintiff proceed with the work saying, "We got to get it done." Dennis Vito, then vice-president and superintendent of V & V, corroborated much of Crouch's testimony. Vito also testified that it was his duty to enter into contracts on behalf of plaintiff. Vito stated that when he was asked by defendant to estimate the cost of constructing the retaining wall, he gave defendant an estimate of $10,000 to $11,000.

Al Neiberg, president of Meister-Neiberg, testified that he was quoted a price of $7,500 by Dennis Vito for construction of the retaining wall. Neiberg also stated that he was never informed by Vito or Crouch that the ground conditions were too wet to begin construction.

The trial court made extensive findings including: that the parties did not agree to a fixed price for the work, that the parties did agree the work would be done on a time and material basis; that the construction site was partially under water and muddy; that plaintiff advised defendants that the area was unsuitable for construction and that the trenching equipment would likely slip; that defendants ordered plaintiff to construct the wall immediately; that the wall met its purpose as to water control and soil erosion; that no losses have been incurred due to the encroachment; and that defendants were equally responsible for the encroachment; and specifically, in paragraph 14, that "[defendants'] failure to remove and reconstruct the wall since its construction in 1978 *** constitutes an acceptance of the retaining wall by [defendants]."

■ Defendants initially contend that plaintiff is not entitled to enforce its mechanic's lien since the improvement was constructed partially on property not owned by defendants. They argue that plaintiff failed to perform under the terms of the contract; that any performance by plaintiff was not substantial performance; that the contract contained an implied warranty that the wall would be constructed in a reasonably workmanlike manner; that the work was not accepted by defendants; that plaintiff has caused the defendants to trespass on adjoining property; and that the trial court's findings are against the manifest weight of the evidence.

Defendants have generally contested each and every one of the trial court's findings and have urged that the trial court's findings are against the manifest weight of the evidence. Defendants argue specifically that plaintiff failed to perform; that performance was not substantial; that the contract contained an implied warranty; and that plaintiff caused defendants to trespass on the adjacent residential property. Although a trial court's holding is always subject to review, this court will not disturb a trial court's finding and substitute its own opinion unless the holding of the trial court is manifestly against the weight of the evidence. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) Underlying this rule is the recognition that especially where the testimony is contradictory, the trial judge as the trier of fact is in a superior position to that of a reviewing court to observe the conduct of the witnesses while testifying to determine their credibility and to weigh the evidence accordingly. The trial court's determination will not be disturbed absent a finding that the trial court's judgment was clearly against the manifest weight of the evidence. (*Schulenburg v. Signatrol, Inc.; La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65.) For a finding of fact to be against the manifest weight of evidence, an opposite conclusion must be clearly evident. *Telander v. Posejpal* (1981), 94 Ill. App. 3d 616, 418 N.E.2d 444.

■ Defendants' principal argument is that plaintiff was never instructed by defendants to construct the wall in spite of plaintiff's warning that it was too wet to begin the work. There was, however, directly conflicting testimony presented at trial by witnesses, Vito and Crouch. The trial court could have properly found that the plaintiff had adequately performed in view of defendants' instructions to proceed with the construction despite the muddy conditions. Furthermore, there was ample evidence to support the trial court's finding that defendants were equally responsible for the resulting encroachment. Two experts in the construction field testified that a wall could

move if constructed in a wet and muddy area with backfill exerting pressure against it. We cannot say, based upon the record before us, that an opposite conclusion from that reached by the trial court is clearly evident. Therefore, we conclude that the trial court's findings were not against the manifest weight of the evidence.

Defendants also argue that plaintiff has failed to substantially perform under the contract. Defendants contend that because plaintiff failed to construct the wall wholly on defendants' property, there was substantial deviation from performance so as to deny enforcement of plaintiff's mechanic's lien.

■■ Generally, a builder is not required to perform perfectly; rather, he is held only to a duty of substantial performance in a workmanlike manner. (*Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 356 N.E.2d 565.) An important factor in determining whether a builder has rendered substantial performance is the actual receipt and enjoyment of benefits by the purchaser. *Brewer v. Custom Builders Corp.*

■ Here, defendants engaged plaintiff to construct the retaining wall in order to prevent water drainage and soil erosion on the property. Al Neiberg, defendants' agent, testified that the retaining wall served those purposes. It is not disputed that the wall has never been replaced, altered or removed to this day. The surveys introduced at trial show that there was some lateral movement in the wall. Expert testimony established that the movement could have been caused by the muddy conditions under which defendants ordered plaintiff to perform. The surveys also show that the wall is constructed wholly or partially on the commercial side of the lot line as instructed by defendants. Based on the evidence presented in the record, the trial court could have found that plaintiff had substantially performed under the contract. The wall continues to serve its purpose and defendants have been enjoying the benefits of the retaining wall without attempting any structural alteration of it.

Defendants' second contention is that the trial court erred in finding that the contract between the parties was based on time and material rather than on a lump sum payment. Defendants argue that the parties had not previously dealt on a time and material basis, and because the plaintiff did not attach supporting documents to the bill, the contract could not have been based on time and material.

Plaintiff counters by asserting that because no price was fixed in the contract, plaintiff is entitled to recover the reasonable value for the services and materials. Plaintiff relies on *Fehr Construction Co. v. Postl System of Health Building* (1919), 288 Ill. 634, 124 N.E. 315,

which held that failure to fix a definite price for the material and work contracted for would give rise to an implied promise to pay the reasonable value for the work.

■ The trial court found that although there was not an agreed price in the oral contract, the parties had "agreed that the work would be done on a time and material-plus basis." We are of the opinion that plaintiff presented sufficient evidence to establish that the plaintiff contracted for the work to be done on a time and material basis. Plaintiff's complaint was broad enough to encompass an award on the basis of time and material. Plaintiff's witness, Vito, testified as to the cost of the material used and the labor employed for the construction. Furthermore, at trial plaintiff presented numerous copies of time sheets, and job invoices as well as plaintiff's written proposal for the work. The trial judge viewed the witnesses and had an opportunity to evaluate the credibility of their testimony. (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.) Here, the finding as to the award of damages on a time and material basis was reasonable and based on the facts in evidence, and we see no reason to disturb the trial court's finding.

■ Defendants' final contention is that the trial court erred in denying defendants' counterclaim for damages incurred as a result of plaintiff's alleged defective performance. We do not agree with defendants' contention in view of the trial court's finding that defendants' conduct constituted an acceptance of plaintiff's performance. Defendants have not directed us to anything in the record which would indicate that defendants disapproved of or intended to reject plaintiff's performance before plaintiff presented defendants with the bill for the construction. Nor did defendants present evidence that they communicated to plaintiff an intent to reject or repudiate the work. (See *Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 356 N.E.2d 565.) Furthermore, defendants are enjoying the benefits of the contract since the wall is still standing and serving the defendants' purpose. It follows from defendants' course of conduct that the trial court was justified in finding that defendants accepted the work as performed by plaintiff. Additionally, since defendants were also the contractors-developers of the adjacent property, the trial court could have properly determined that defendants had precluded themselves from seeking damages on the claim of encroachment since defendants insisted that plaintiff proceed with the work under less than ideal conditions. Accordingly, defendants are not entitled to relief as sought, and the trial court did not err in denying defendants' counterclaim for damages.

160

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.