**Emil W. Schmeling et al. v. Rockford Amusement Company et al. Andrew Ashton, Appellant, v. Sosman & Landis Company et al., Appellees.**

**Gen. No. 5299.**

1. CORPORATIONS—*who cannot bind.* The secretary of a corporation has no implied power to bind it for a money obligation.

2. APPLICATION OF PAYMENTS—*how made in equity.* Where a general payment made upon a building contract is not applied by the parties upon any specific part of the account, a court of equity may apply the payment upon the contract so as to include an item for extra work for which the creditor would not under the contract be entitled to a mechanic's lien, thus giving him the security of a mechanic's lien upon the amount remaining unpaid.

3. MECHANIC'S LIENS—*what subject to.* An asbestos curtain and scenery placed in a building pursuant to the terms of a lease in order that the same might be used as a theatre, it appearing that such equipment was intended to be permanent, are properly chargeable with a mechanic's lien.

Bill in chancery. Appeal from the Circuit Court of Winnebago county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

DAVID D. MADDEN, for appellant.

F. E. CARPENTER and E. M. ST. JOHN, and A. E. FISHER and H. B. NORTH, for appellees.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On October 26, 1908, Andrew Ashton, the owner of a building known as the "skating rink," but at that time used as a garage, situated on lot three, block thirteen, of the town of West Rockford, leased to the Rockford Amusement Company at a rental of $125 per month the building and premises for a term of five years commencing December 1, 1908, to be used "for a theater and other amusement purposes, and no other." The lessee was to be allowed the privilege of making such

necessary changes in said building as would be required to equip it for the purposes of a theater and the lessor was to allow to the lessee the sum of $650 to be deducted from the rents at the rate of $35 per month, to be used in making such changes and equipment. The Amusement Company entered into possession, remodeled the building and equipped it with the necessary scenery, including electrical apparatus. The amusement company contracted obligations of about $5,000 in remodeling and fitting the building for a theater, on which it paid about $3,000 and failing to meet its obligations, Emil W. Schmeling filed a bill in chancery on March 17, 1909, to foreclose a mechanic's lien for work and material furnished in remodeling the building, for $3,549.86, on which $2,000 had been paid. Ashton, the owner, and numerous other parties, among them the Sells-Miller-Santee Company and the Sosman & Landis Company, were made defendants. The Sosman & Landis Company filed an answer, in which they set up that they had furnished to the Rockford Amusement Company certain fixtures, consisting of asbestos curtains, drop curtains, doors, wings, etc., to the amount of $546.25, upon which there had been paid on account $250, leaving an unpaid balance of $296.25 for which it claimed a lien. The Sells-Miller-Santee Company filed an answer, in which it set up that it had furnished certain material composed of electrical fixtures, wiring and other material, and labor, amounting to $517.04 upon which there had been paid $250, and 72 cents worth of material had been returned, leaving a balance of $266.32 for which it claimed a lien. Ashton, the landlord, filed an answer denying that any of the parties were entitled to a lien. The case was heard before the court and a decree entered finding that Ashton, the owner of fee, had made the lease as alleged and had permitted the premises to be improved with full knowledge that the improvements were being made so far as concerns the parties claiming liens; that the complainant is entitled to a

lien for a balance unpaid of $1,549.86; that the Rockford Amusement Company had ordered of the Sells-Miller-Santee Company electrical materials, fixtures and labor to the extent of $517.04 on which $250 had been paid, and that the $250 paid should be first applied to the payment of non-lienable items, and that lienable work and material had been furnished by the Sells-Miller-Santee Company and was still unpaid to the amount of $266.32 for which it was entitled to a lien; and that the Sosman & Landis Company had furnished fixtures, material and labor to the amount of $546.25, on which $250 had been paid, and that the $250 should be first applied to the payment of the non-lienable items, and that there remained unpaid a balance for lienable fixtures and labor to the amount of $296.25.

Ashton appeals from that decree only as to so much of the decree as is in favor of Sells-Miller-Santee Company and the Sosman & Landis Company.

It is assigned for error (1) that the "court erred in decreeing many items furnished by defendants, Sosman & Landis Company, to be lienable items;" (2) that the "court erred in decreeing many items furnished by the defendants, Sells-Miller-Santee Company, to be lienable items;" (3) that the court erred in applying payments made first on the non-lienable items, furnished by the lien claimants and (4) that the court erred in rejecting proper evidence offered by the defendant.

The only evidence concerning which any question is raised is that of a witness S. B. Marine called on behalf of the lien claimants. It appears from the evidence that subsequent to the filing of the bill, the appellant had forfeited the lease and taken possession of the premises and theatrical outfit. He also after the filing of the bill had levied under an execution against the Rockford Amusement Company upon certain of the fixtures and properties of the theater, and had bought in the entire outfit of what was claimed to be

personal property for the sum of $111.  Marine, who had been the secretary of the Rockford Amusement Company, was called as a witness and on cross-examination testified that the Rockford Amusement Company had no other place of amusement than this building, and that it bought what scenery the company had, solely for use in that theater and intended it for permanent use there.  On redirect examination he was asked if he intended it for permanent use as long as the company occupied the building, and he answered that he had no other intention at that time. He was then asked, on behalf of appellant, what he intended to do with the scenery at the expiration of the lease.  To this an objection was made, and the court remarked "Well, that wouldn't change the character of it by mere intention; the law and lease will determine his rights, irrespective of what his intention was."  The question was not answered, and there was apparently no ruling on the objection, although counsel appear to have understood the remark of the court to be a ruling sustaining the objection.  The question is not saved; however, it appears from his previous answers that he was not the secretary of the corporation at the time he was a witness, and there is no proof from which it may be assumed, that as secretary of the corporation, he had any power to determine what course it should pursue at any time, and especially to determine what the company would do five years later, when there might be an entire change of officers.  The powers of a corporation are exercised by a board of directors and by the president or general manager to whom the board of directors may have given particular duties.  It is the duty of the secretary to keep the record of the proceedings of the corporation, and he has practically no implied powers (Beach on Corporations, sec. 803), but only such other duties or powers as may be expressly given him by the by-laws.  There is no proof to show that the secretary could bind the corporation by his intention; therefore the intention of

the secretary could have no binding effect and would not prove the intention of the corporation. An answer to the question could have had no bearing on the case, and the question was improper without preliminary proof of some authority to bind the corporation.

It is insisted that the court erred in crediting the sum of $250 which was paid to each of appellees upon non-lienable materials furnished. There was no application of the payments made to the payment of any particular part of the accounts until during the trial when the appellees elected to apply them to payment of the non-lienable items, if the court found that there were non-lienable items. Where a general payment made upon a building contract is not applied by the parties upon any specific part of the account, a court of equity may apply the payment upon the contract so as to include an item for extra work for which the creditor would not, under the contract, be entitled to a mechanic's lien and thus give him the security of his mechanic's lien upon the amount remaining unpaid. Barbee v. Morris, 221 Ill. 382; Monson v. Meyer, 190 Ill. 105. The evidence shows that the Amusement Company had expended a large sum of money in improving appellant's building, the benefit of which inured to appellant as soon as the improvements were made, and which he is now renting to other parties. Under the rule as announced the court committed no error in the application of the payments.

It is also insisted that the materials furnished by the appellees and the work done were not of such a character as to entitle the appellees to mechanics' liens. In the account of the Sosman-Miller-Santee Company, which was a company engaged in equipping buildings with electric supplies and apparatus, the items bought clearly show that much more of the bill, than that for which a lien was allowed, was for material furnished and work for which there can be no question but that they were entitled to a lien, as it

was for permanently wiring the building for electricity, etc., material that could not be removed without tearing the building in pieces. The bill of the Sosman & Landis Company is of a somewhat different nature. The large items of the Sosman & Landis Company are, one asbestos curtain $146.25, one center door piece four wings and two set doors $100, with various other items ranging from $5 to $85. The statute concerning mechanics' lien is very broad. Section one of the mechanics' lien law gives to any person who shall by any contract with one whom the owner has authorized or knowingly permitted to contract for the improvement, furnished materials, fixtures, apparatus, machinery, labor or services for the improvement, repairing or ornamenting of any building, a lien upon the whole of such lot.

The rule for determining what constitutes a fixture adopted by the courts of this state is: "First, real or constructive annexation of the thing in question to the realty; second, appropriation or adaptation to the use or purpose of that part of the realty with which it is connected; and third, the intention of the party making the annexation to make it a permanent accession to the freehold, this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation and the policy of the law in relation thereto, the structure and mode of the annexation, and the purpose or use for which the annexation has been made." Fifield v. Farmers National Bank, 148 Ill. 163.

Under the lease made between the appellant and the Rockford Amusement Company consent was given in the lease to "make such necessary changes in said building as will be necessary in order to equip said building for theater purposes, the said party of the first part allowing the party of the second part out of said rental the amount of $650." The building was entirely remodeled and equipped as a theater. The proof shows that this was the only place of amuse-

ment owned or operated by the Rockford Amusement Company. It bought the scenery in question and had it manufactured specially for this theater; the blocks enclosing the pulleys by which the scenery was operated and to which it was fastened were nailed fast to the building and were a part of it and they, together with all the scenery in question, were still in use at that theater and are now wholly owned and leased by the appellant. The asbestos curtain is fastened to the blocks by endless wire rope and to remove the scenery it would be necessary to remove the blocks and pulleys which are solidly nailed to the building. The scenery is not suitable for use in any other theater except one of the same dimensions as this, and was bought solely for use in this theater and intended for use therein, and each piece is complementary to and a necessary part of the whole, to be used as an entirety.

The fixtures may be trade fixtures, but the statute makes no distinction between the different kinds of fixtures; it reads: "fixtures, apparatus or machinery for the purpose of, or in the building, altering, repairing or ornamenting any house or other building." The agreement of the landlord to allow $650 for remodeling and equipping the building for theater purposes indicates that the intention of all the parties was that the building as remodeled, and the fixtures placed therein to be used as a part of the theater in its operation, should be permanent and remain there, as the landlord was assisting in equipping the building for such purposes by furnishing $650 towards the cost of remodeling.

The proof shows that the fixtures and apparatus furnished, for which liens were allowed, were so attached and used as to become a part of the theater building. Under such a state of facts the appellees were entitled to a lien therefor. Haas Electric Company v. Amusement Company, 236 Ill. 452. The decree is therefore affirmed.

*Affirmed.*