## William R. Young et al., Plaintiffs in Error, v. William G. Bergner, trading as Bergner Plumbing, Heating & Supply Company, and John R. Kelahan, trading as Peerless Electric Company, Defendants in Error.

1. MECHANICS' LIENS—*when owner charged with notice of installation of improvements for tenant.* Under Cahill's St. ch. 82, ¶ 1, the owners of property are liable in a mechanic's lien action for heating, plumbing and electric work done thereon at the request of a tenant as they knew the work was being done from being about the property at times, or if the owner did not have actual notice she had constructive notice from that given to her son, her grantor, and also from the fact that her residence was within 200 yards of the work.

2. MECHANICS' LIENS—*estoppel of owner to claim improvement ordered by tenant unnecessary.* Defendant owners of property in a mechanic's lien action for heating and plumbing work done thereon at the request of a tenant, having been advised of the character of the work being done and not having objected, are in no position to defend on the ground said work was unnecessary.

3. MECHANICS' LIENS—*effect of owner's approval of work ordered by tenant.* After the plan for an electric sign and other electrical work to be done on a building at the request of a tenant was submitted to one of the owners and had his approval, he is in no position to complain that the sign was not a fixture of the building in a mechanic's lien action for the work done.

4. MECHANICS' LIENS—*application of payment to nonlienable part of claim.* In a mechanic's lien action for electrical work, since the record does not disclose how the payments made by the tenant, at whose request the work was done, were to be applied, the court will hold they were made to extinguish what may be considered the nonlienable part of the claim and will hold the owners who had knowledge of such work done liable under a mechanic's lien for the balance of the claim.

Error by plaintiffs to the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 19, 1927.

HAROLD J. BANDY, for plaintiffs in error.

WARNOCK, WILLIAMSON & BURROUGHS and WESLEY LUEDERS, for defendants in error,

MR. JUSTICE BOGGS delivered the opinion of the court.

Defendant in error William G. Bergner, doing business as Bergner Plumbing, Heating & Supply Company, filed a petition in the circuit court of Madison county for a mechanic's lien against certain real estate held in the name of plaintiffs in error William R. Young and Addie C. Young, for the installation of a certain steam heating plant, lavatories, shower baths, etc., in certain buildings on said premises, said work and materials having been furnished at the request of one Harry Bricker, who was a tenant in possession of said property.

Defendant in error John R. Kelahan, doing business as Peerless Electric Company, filed an intervening petition in said cause, seeking a mechanic's lien for $239.80, balance unpaid for certain alterations, repairs, etc., in the electrical work on said buildings, and for the installation of an electric sign.

Plaintiffs in error joined in a general answer to said petition filed by Bergner, in which they admit that Bricker was a lessee of said premises, but deny any knowledge of a contract between Bricker and Bergner for the installation of said heating plant, plumbing, etc. No answer was filed to said intervening petition. Said cause was referred to the master to take the proofs and report the same, together with his conclusions of law and fact thereon.

The master, after having taken the evidence, reported among other things that, with the knowledge of plaintiffs in error, defendant in error Bergner had furnished labor, materials, etc., in the matter of the installation of said heating plant, lavatories, shower baths, plumbing, etc., aggregating $2,484.76; that there had been payments made thereon by Bricker reducing said bill to $1,905.67, and that there should be a further credit of $100 allowed to plaintiffs in error for materials which had been removed from said premises;

and that defendant in error Bergner was entitled to a mechanic's lien for $1,805.67.

As to the claim of defendant in error Kelahan, the master found and reported that he, Kelahan, had furnished labor and materials in and about the electrical work on said building, at the request of Bricker and with the knowledge and consent of plaintiffs in error, under a contract for $700, and that he had furnished extras in and about said work amounting to $39.80, making a total of $739.80; that there had been paid on said contract and extras by the said Bricker the sum of $500, leaving a balance owing to defendant in error Kelahan of $239.80, and that he was entitled to a mechanic's lien therefor.

The objections filed to said report before the master were ordered to stand as exceptions. On hearing, the court overruled said exceptions and entered a decree in compliance with the findings of the master. To reverse said decree, this writ of error is prosecuted.

It is first contended by plaintiffs in error that they had no notice of the installation of said heating plant, lavatories, shower bath and other plumbing being installed by Bergner, and had no notice of the electrical work on the building in question and the installation of said electric sign.

Without going into a detailed discussion of the evidence, there is a clear preponderance to the effect that plaintiffs in error William R. Young and Charles R. Young were both in and about said building when said heating plant was being installed therein and the other plumbing work above-mentioned was being done. It also clearly establishes that Charles R. Young was in and about said building frequently when said electrical work was being done and said electric sign was being installed, and that William R. Young was there occasionally. As to plaintiff in error Addie C. Young, while the evidence may not show actual knowledge on

her part, the record is to the effect that the premises in question formerly belonged to Charles R. Young, and were conveyed by him to his father and mother, William R. Young and Addie C. Young. Charles R. Young's testimony is to the effect that he was indebted to his father and had conveyed said premises for the purpose of securing his father therefor. This evidence is undisputed in the record. The joint answer filed by plaintiffs in error admits that Charles R. Young executed a lease on said premises to Bricker. The evidence is further to the effect that plaintiffs in error resided within some 150 or 200 yards from the premises in question. We are therefore of the opinion and hold that the court was warranted in finding constructive, if not actual, notice on the part of Addie C. Young, of the work being done on said premises.

Therefore, plaintiffs in error having knowledge of the improvements being made on said premises, a mechanic's lien would lie therefor, if said improvements were of a character for which a lien is given. Cahill's St. ch. 82, ¶ 1; *Haas Electric & Mfg. Co. v. Springfield Amusement Co.*, 236 Ill. 452-459; *Boyer v. Keller*, 258 Ill. 106-113; *Loeff v. Meyer*, 284 Ill. 114-117; *Fehr Const. Co. v. Postl System of Health*, 288 Ill. 634-643.

It is not contended by plaintiffs in error that said heating plant, lavatories, shower bath and other plumbing work done by defendant in error Bergner are not improvements of a character for the installation of which a mechanic's lien would lie. The only argument against the lien for said items is that the heating plant and other work was not necessary, and did not increase the value of the premises. Plaintiffs in error, having been advised of the character of the heating plant and plumbing work being installed in said premises and not having objected thereto, are not now in a position to defend against a mechanic's lien therefor

on the ground that said work was not necessary. *Haas Electric & Mfg. Co. v. Springfield Amusement Co., supra,* 459; *Fehr Const. Co. v. Postl System of Health, supra,* 643.

It is contended by plaintiffs in error, as to the claim of Kelahan, that the electric sign, for which $270 was to be paid, was not so affixed to said building as to become a part of it, and that no mechanic's lien should be awarded therefor. They further object to certain other items, to wit, $9 for work done on a sanding machine, $15.20 for stringing certain lights in front of said buildings, and for the cost of installing said electric lighting system, estimated at something around $100.

The evidence on the part of Kelahan is to the effect that before said contract for said electric sign was let by Bricker, he submitted the plan therefor to plaintiff in error Charles R. Young, and had his approval thereof. That being true, so far as plaintiff in error Charles R. Young is concerned, he is not in a position to complain.

On the merits, however, we hold that if this electrical work, including said electric sign, was installed on the premises in question with the knowledge of plaintiffs in error and without objection on their part, a mechanic's lien would lie therefor.

Without reference, however, to the correctness of this later holding, the decree in this case should be affirmed with reference to the amount allowed to defendant in error Kelahan for said work, for the reason that $500 was paid thereon by Bricker, leaving a balance of only $239.80 owing on said work. So far as the record discloses, there was no direction by Bricker when he made said payment of $500 as to how the same should be applied, that is, as to what particular items of said bill of $739.80 the same should be applied in payment of. That being true, a court of equity

may apply the payment upon the contract so as to include work for which the creditor would not under the contract be entitled to a mechanic's lien, and thus give him the security of a mechanic's lien upon the amount remaining unpaid. *Monson v. Meyer,* 190 Ill. 105-108; *Barbee v. Morris,* 221 Ill. 382-384; *Schmeling v. Rockford Amusement Co.,* 154 Ill. App. 308-312; *Fehr Const. Co. v. Postl System of Health Building,* 189 Ill. App. 519-524. In the latter case the court at page 524 says:

"The question of value is material because there was paid on this contract the sum of $350; and a court of equity, if it could distinguish between lienable and nonlienable items in a bill for mechanic's lien, would apply that payment to the nonlienable articles under the contract so as to leave the creditor with his security of a mechanic's lien for the lienable items."

Applying the payment of $500 made by Bricker toward the payment of the items for which plaintiffs in error claim there could be no lien, the remainder of said bill clearly comes within the rule laid down in the authorities cited. The court therefore rightly decreed a mechanic's lien therefor.

For the reasons above set forth, the decree of the trial court will be affirmed.

*Decree affirmed.*