William (Bill) Bingaman and Martin W. Busekrus, Trading as Da-Nite Garage and Filling Station, Appellees, v. Alfred E. Dahm et al., Appellants.

Opinion filed October 28, 1940.

RUSSELL H. CLASSEN, of Belleville, for appellants.

LOUIS J. GROSSMANN, of Belleville, for appellees; EDGAR C. GROSSMANN, of Belleville, of counsel.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree of foreclosure of a mechanic's lien, decreeing that defendants, Alfred E. Dahm, etc., James H. Ripley, and Barbara Ripley, pay to plaintiff William (Bill) Bingaman, the sum of $559.93, and to plaintiff Martin W. Busekrus, doing business as Da-Nite Garage & Filling Station, the sum of $145.15, together with interest at the rate of 5 per cent from the date of the decree, and providing in the usual form for the sale of certain premises of the said James H. Ripley and Barbara Ripley, in the event of the failure to make such payments.

The evidence disclosed that Alfred E. Dahm, one of the defendants, entered into a lease agreement, which was ultimately reduced to writing with the defendants, James H. Ripley and Barbara Ripley, for the purpose of operating a coal mine on the premises decreed to be sold. A mine had previously been operated on the premises, but the tipple and other equipment had been destroyed by fire. Plaintiffs were employed by the said Alfred E. Dahm in the erection and construction of a new tipple and of certain machinery necessary to operate the mine. It was alleged by the plaintiffs that this was done with the knowledge and consent of defendants, James H. Ripley and Barbara Ripley. There is evidence that James H. Ripley knowingly permitted the labor to be performed, that he was present repeatedly while the work was being done, and one witness testified that Ripley even pleaded with plaintiff Bingaman to continue with his work and that he would "take care" that such plaintiff be paid for doing the work. The Ripleys were shown to have resided on the premises about two blocks from the property upon which the work was being done during such time. It was also shown that the Ripleys had later forfeited the lease to Dahm and obtained title to the property upon which the work was done.

Plaintiff Bingaman testified that, under verbal contract, he had performed certain work, upon which there was paid him a certain sum in cash and coal, leaving an unpaid balance which he made the basis of his claim for lien. Plaintiff Busekrus also alleged and testified that he performed certain work, for which he was not paid, and both plaintiffs presented evidence to the effect that the improvements and work done by plaintiffs were adapted to the use of the mine property, and that the amount was reasonable and constituted a valuable and lasting improvement on the premises, and enhances the value thereof at least to the extent of the labor performed.

Claims for lien were filed by both plaintiffs, and thereafter the action to foreclose such liens was instituted. The matter was heard before a master in chancery, who reported his conclusions to the court, and the objections of defendants to such report were overruled, and were again overruled by the circuit court of St. Clair county when such objections were noted as exceptions. A decree was entered in accordance with the report, as hereinabove set forth.

The appellant defendants, in the brief filed in this court, set forth numerous assignments of error, which are apparently a partially edited copy of the objections filed to the master's report. No useful purpose could be served by reviewing all of the assignments so set forth. The major points relied upon by the defendants for reversal in this cause, are: (1) That necessary parties in interest who should have been made parties defendant have been omitted, and that, therefore, the plaintiffs' action should be dismissed; (2) That some of the labor performed by one of the plaintiffs was performed in the regular course of operating the mine, and is not lienable; (3) That the claims combine lienable and nonlienable items, and that they cannot, therefore, be enforced for any part of the work done; (4) That the labor was furnished on mov-

able or temporary items; (5) That the landlord's estate is never subjected to mechanic's lien where the lease provides (as here) for removal of the improvements by the tenant at the expiration of the term; (6) That there is a variance between the bill of complaint, exhibits attached thereto, the claim for lien, and the evidence introduced at the trial; and (7) That there is no evidence to show that Barbara Ripley knowingly permitted the work to be done.

The evidence in the record shows that there was some dispute as to the various items referred to in the points relating to matters of evidence outlined heretofore. The evidence, however, tends to sustain the decree in these respects, and we cannot say that the finding and conclusion of the court below, as to any matters objected to, is contrary to the weight of the evidence.

Upon consideration of all the evidence in the record, the lease from the Ripleys, under which Dahm was operating, the nature of the work done, the special adaptability of the results of the labor for the use of the mine and of the particular premises involved, and the effect of such labor in placing the property in condition for the use for which it was intended, this court must conclude that such labor is properly lienable under the Mechanics' Lien Act (*Westphal v. Berthold,* 273 Ill. App. 266; *Dobschuetz v. Holliday,* 82 Ill. 371; *Owings v. Estes,* 256 Ill. 553; *Cross v. Weare Commission Co.,* 153 Ill. 499).

While the court (in view of the evidence) is not impressed by the argument advanced by the defendants that a portion of the Bingaman claim was for work of a character which could not be lienable, this court would, in any event, be constrained to hold that payments by, and credits to the tenant were made to extinguish all nonlienable portions of the claim, leaving the remainder lienable, under the authority of *Young v. Bergner.* 243 Ill. App. 473.

The case of *Young v. Bergner, supra,* likewise contains an answer to objections made by defendants as to lack of notice to Barbara Ripley, the wife of defendant James H. Ripley and a joint owner of the premises with him. In that case, where a wife was a joint owner with her husband and lived in close proximity to the premises and where the husband had knowledge of the work being done, it was held that the wife had "actual if not constructive" notice of the plumbing work which was going on. In the case before us, the work was much more open and visible, such defendant lived in close proximity to the portion of the premises where the work was being done, and the evidence disclosed that the husband was present and unquestionably had knowledge of the labor performed by plaintiffs.

It is contended by the defendants that, under authority of *Granquist v. Western Tube Co.,* 240 Ill. 132, the failure of the plaintiffs to make certain lien claimants parties to the action, is fatal to plaintiffs' right to maintain their action to foreclose their mechanic's liens. The answer of defendants did not set forth that there were other parties in interest, and nothing in the record tended to show such interests and claims until exhibits were introduced by the defendants, showing the nature of the claims of other persons than plaintiffs. No question of omitted parties was raised at such time, but the question of omission of parties was raised for the first time in the objections to the master's report, which were filed by defendants. At the time of the filing of such objections, and at the time of the entry of the decree herein, more than two years had expired from the time of the furnishing of the last labor or material in each of the claims to which reference was made, and as to which defendants raise the objection of lack of parties. It is not contended by the defendants that such claimants now have, or may assert, a lien upon the premises, or that such claimants

are, in fact, unpaid. Defendants simply contend that such claims for lien were on file at the time the suit was filed, and that this action is governed by the facts as they existed at the time the suit was instituted, rather than at the time of the filing of objections to the master's report, or at the time of the entry of the decree.

It is correctly observed by defendants that the lack of a necessary party in a foreclosure case of the character here involved, if such objection is properly raised, will operate to deprive a foreclosing lien claimant of his right to proceed until he makes such necessary party a party to his proceeding. As stated in the *Granquist* case, the legislature never contemplated that there should be a separate suit by each contractor or subcontractor, for the purpose of having a lien established in his favor, but that the statute contemplates one suit and that all persons who are known to have any interest, either legal or equitable, in the land, or any claim for lien against it, should be joined either as plaintiffs or defendants so that the court will be able to adjust all equities and render a decree in relation to the distribution of the proceeds. It was stated that the owner should not be harassed with a multiplicity of suits, and thereby unnecessarily burdened with additional costs and expenses. In the *Granquist* case there were clearly two unpaid claimants, each attempting a separate foreclosure. The decision was in keeping with the manifest intention of the legislature that all such claims should be adjudicated in one proceeding.

In the instant case, however, there is no showing that there were any unpaid lien claimants at the time the issue was raised by the defendants. A court will not dismiss or remand simply because of nonjoinder of necessary parties, unless it appears that the decree will have the effect of depriving an omitted party of his property rights (*Crescio v. Crescio,* 365 Ill. 393),

or, as stated in the *Granquist* case, of unnecessarily burdening an owner of property with a multiplicity of suits in a mechanic's lien case. In the case at hand, the record shows that the claims for lien, upon which the defendants base their contention of omission of necessary parties, were unenforceable at the time objection was first raised by defendants.

Courts endeavor to protect parties to any action, as well as those who have rights which should be protected and included within the purview of the statutory legislation under which the action is instituted, but Appellate Courts do not engage in futile acts simply to adhere to a technical rule of procedure. It would be of no benefit to the omitted lien claimants to reverse the instant case. As shown in the record, they had no rights as lien claimants at the time objection was first made. So far as the record discloses, such claims may have been paid, or settled, at such time. It will suffice, for the purposes of this case, however, to state that unless a showing is made that, at the time objection is taken to a lack of necessary parties in an action to foreclose a mechanic's lien, such omitted party or parties, or unpaid claimants, or persons whose rights might be adversely affected in the proceeding, actually have some substantial interest in participating in the proceeding, or would be benefited if made a party at such time, the objection as to nonjoinder cannot be maintained. The lien claimants must be unpaid at the time objection is made so that the requirement of adding such persons as parties defendant will operate to give added protection to a defendant, as well as to the omitted parties.

There being no reversible error in the record, and no basis in law for a reversal or remandment of the decree of the circuit court of St. Clair county, such decree is accordingly, affirmed.

*Affirmed.*