Fettes, Love & Sieben, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Anna Simon, Defendant-Appellant, and Harold Beider, American National Bank and Trust Company of Chicago, As Trustee Under Trust No. 37009 and Unknown Owner and Owners, Defendants.

Gen. No. 49,069.

First District, Second Division.
February 4, 1964.

Kahn, Adsit & Arnstein, of Chicago (John F. McClure, of counsel), for appellant.

Ader & Ader, and Gunn, Davidson & Brantman, all of Chicago (Zeamore A. Ader, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This action was commenced by Fettes, Love & Sieben, Inc., a plumbing and heating contractor, to foreclose a mechanic's lien claim against both the owner and the tenant of certain real estate improved with a building in which it removed fixtures from three bathrooms and installed plumbing to make nine bathrooms. The owner, Anna Simon, appeals from a decree enforcing a mechanic's lien in the amount of $4,948.87 against the premises and the reservation of a power to enter a personal judgment for any deficiency.

The three story building in which the alterations were made is located at 443 West Barry Avenue in Chicago. The building was being used as a girls' club. Harold Beider, the tenant, desired to add bathrooms to the building. The alterations were completed in the latter part of December 1959.

The owner, Anna Simon, had no dealings with the plaintiff concerning the alterations. Her husband, Joseph Simon, came to the premises to collect on a nonsufficient funds rent check which had been presented by the tenant Beider. At that time Beider pointed out to Joseph Simon the work in progress.

■ ■ The plaintiff contends that it proved that the contract, express or implied, had been made with the owner, or with Joseph Simon, her husband, who had been authorized by her to contract on her behalf, or that Anna Simon "knowingly permitted" the improvements to be made. Ill Rev Stats 1963, c 82, § 1.

Proof of the existence of the marital relation does not establish the husband's agency for his wife. The agency of the husband is a question of fact to be proved by direct or circumstantial evidence. There is no presumption that the husband has authority to act for the wife. In an action against the wife to hold her responsible for the act or contract of her husband, plaintiff has the burden of showing the agency and

authority of the husband or a ratification by the wife. See 41 CJS Husband and Wife, Secs 69 and 70.

This court noted in McFadden v. Crumb, 316 Ill App 447, 45 NE2d 68, that even where, as in that case, the husband, *held himself out* as the agent of his wife, that persons dealing with him would be bound at their peril to ascertain not only the fact of the agency but also the extent thereof. The plaintiff's claim for a mechanic's lien was upheld in Mutual Const. Co. v. Baker, 237 Ill App 596, but in that case the owner had for some time acted as general agent for the building. The court pointed out, 602: "The owner will be held to have knowingly permitted repairs or alterations contracted for by a tenant to be done, where notice or knowledge of such work comes to an agent of the owner and such agent is in general charge of the property, although the agent might not have authority broad enough to permit him to make a contract for such work himself which would be binding on the principal in the absence of specific approval by the latter."

In Johns-Manville Corporation v. LaTour D'Argent Corp., 277 Ill App 503, the mechanic's lien was upheld but there also the agent had general charge of the collection of rents and the operation of the building.

In the case of Bingaman v. Dahm, 307 Ill App 432, 30 NE2d 509 and Young v. Bergner, 243 Ill App 473, the mechanic's liens were sustained but in those cases the property was owned by the husband and wife jointly. In the Bingaman case the improvements were open and visible and in the Young case the parties lived quite close to the property. The instant case does not present a situation of joint ownership. The property was solely owned by the wife. The husband was sent to collect on a non-sufficient funds rent check. He visited the premises only on one occasion during the progress of the work. This was for the purpose

of collecting the amount of the rent check from the tenant.

The plaintiff relies upon the case of Gass v. Carducci, 37 Ill App2d 181, 185 NE2d 285, to uphold the decree. In that case the plaintiff's mother suffered personal injuries when the door of the automobile in which she was riding came open, throwing her to the street. The operator of the car was her daughter. The plaintiff was helping the defendant daughter take the daughter's son to a doctor for treatment. This court in affirming the judgment for plaintiff stated that the husband's knowledge of the defective door was circumstantial evidence of the daughter's probable knowledge of the defect. Under the circumstances it was fair to assume that the husband would notify the wife of the existence of the dangerous condition. The liability was predicated upon the breach of the common law duty to maintain the automobile in a proper working condition. The failure to correct the serious and *known* defect of the door's locking mechanism was the proximate cause of the plaintiff's injuries and it was this knowledge by the husband of the defect that was imputable to the wife.

The Carducci case involved personal injuries to the plaintiff and resulted from a dangerous condition which had been known in advance and the decision in that case is thus not pertinent to this inquiry. No duty existed on the part of the husband in the instant case to inform his wife of work which was being performed upon the premises.

Ill Rev Stats 1963, c 82 (the Mechanic's Lien Act) § 1 states: "Any person who shall by any contract or contracts, express or implied, or partly expressed or implied, with the owner of a lot or tract of land, or with one whom such owner has authorized or knowingly permitted to contract for the improvement of, or to improve same . . . shall have a lien . . . for the

235

amount due to him for such material, fixtures, apparatus, machinery, services or labor, and interest from the date the same is due."

The foundation of a mechanic's lien is the contract with the owner of the land for the improvement thereof and the furnishing of material and labor according to the contract, in connection with the Statute giving the lien. Granquist v. Western Tube Co., 240 Ill 132, 88 NE 468. The contract for the improvements must either have been made with the owner or with one whom the owner has authorized or knowingly permitted to have done the work for him.

The owner is presumed to have "knowingly permitted" where he knew and failed to protest and accepted the benefits of the improvements. Janisch v. Reynolds, 254 Ill App 569; Young v. Bergner, 243 Ill App 473; Mutual Const. Co. v. Baker, 237 Ill App 596. In the Janisch case there was a decree finding a mechanic's lien against the defendant-owner. Her husband had without her knowledge entered into an express contract with the plaintiff for work to be performed upon the premises. The defendant-wife returned to the premises and remained in the building during the course of the improvements. In the present case there was neither any contract entered into on the wife's behalf nor did she knowingly allow the improvements to be made.

In the case of Young v. Bergner, supra, the property was jointly owned by the husband and wife. The defendants also were held to have notice of the improvements because the residence in which they lived during the time the work was in progress was located within 200 yards of the work site. While in the Mutual Construction Co. v. Baker case, supra, the lien was sustained, the owner was held to have knowingly permitted the work to be contracted for by her lessees because her son was her *general agent* in the manage-

236

ment of the premises and knew that the improvements were being contracted for.

The defendant in the present case did not enter into any contract, either express or implied with the plaintiffs nor did she perform any acts which would indicate that she gave her husband authority to act for her as her agent. She can not be said to have knowingly permitted the alterations to be made on the premises since there was no evidence that she knew the work was being undertaken nor did she acquiesce in accepting the alleged benefits. On the record presented plaintiff cannot enforce its claim under the Mechanic's Lien Act against her property. This opinion does not affect the judgment against Harold Beider who has not appealed. The decree is reversed and the cause is remanded with directions to enter a decree in favor of Anna Simon.

Decree reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.