AGRICO CHEMICAL CORPORATION, Plaintiff-Appellee, *v.* FORRESTON FER-TILIZER COMPANY *et al.*, Defendants-Appellants.

(No. 74-222;

Second District (2nd Division)—October 30, 1975.

Donald J. Miller, of Forreston, for appellants.

Fearer & Nye, of Oregon, for appellee.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Ogle County in favor of the plaintiff in an action for money owed to the plaintiff under two agreements or contracts between plaintiff and defendants.

The plaintiff (hereinafter referred to as Agrico) is a subsidiary of Continental Oil Co. engaged in the manufacture and sale of chemical fertilizers. The defendants (hereinafter referred to as Forreston or Haijenga) are engaged in the business of warehousing and selling such fertilizers as

a distributor and wholesaler. Forreston Fertilizer Company is a corporation wholly owned by the defendants, Ivan and Marian Haijenga.

Count I of the complaint is based on a Warehousing Agreement whereby Forreston agreed to store and distribute on behalf of Agrico various fertilizers to be sold to other dealers selling Agrico products at retail. Count II is based both on the Warehousing Agreement and on a Sales Agreement which provided that Forreston would buy fertilizer from Agrico to distribute to its own customers at retail. Count III is based on the guarantee which Agrico required the owners of Forreston to execute guaranteeing the payment by Forreston to Agrico of all obligations incurred under the Sales Agreement including service charges (interest on late payments) and attorneys' fees incurred in collecting any amount due from Forreston on account of purchases from Agrico under the Sales Agreement or otherwise.

Count IV related to purchases of crop protection solutions purchased by Forreston as a retailer from a couple of Agrico distribution plants in Iowa. Count V sets forth a claim for sums owing for said purchases under the guarantee executed by the Haijengas. With the complaint were filed various invoices, copies of invoices, and account sheets in support of the amounts claimed under each count of the complaint.

The jury returned a verdict in favor of the plaintiff on each count and judgment was entered in favor of the plaintiff on Counts I, III and V (Counts II and IV being covered by the guarantee in the same amounts), the whole judgment totaling $20,029.22.

The defendants appeal the judgment on the following grounds: (1) that the trial court erred in giving certain instructions to the jury, which the defendants contend gave undue emphasis to the plaintiff's claims and suggested a verdict in favor of the plaintiff in the amounts claimed, (2) that the trial court erred in allowing certain of plaintiff's exhibits to be presented to the jury without a proper foundation being laid therefor.

 The instructions complained of (Nos. 4 and 5) were somewhat lengthy in that they summarized the facts set forth in the various counts of the complaint, the issues to be decided by the jury, and the propositions as to which the plaintiff had the burden of proof in order to recover. While the instructions objected to were admittedly lengthy and did state the amount claimed in each count, in our opinion they fairly set forth the issues and the propositions to be proved and we do not consider them prejudicial because they mentioned the exact amounts claimed by the plaintiff. This was necessary in the nature of the case. The defendants did not deny the existence of the contracts or that they owed some money thereunder. The dispute was solely as to the amounts owed in dollars and cents and the defendants admitted they owed some $4700 to the

plaintiff under the contract. It was essential, therefore, in an action based on a claim for money due under the contract, to recite the elements of the contract and the exact amounts claimed thereunder, since the exact amount claimed in each count was the issue to be decided. The plaintiff's burden of proof required it to prove that amount was due. Otherwise, the account on which the claim rested was not proved as being correct and the case was not proved as to that count. The instructions thus properly defined and limited the plaintiff's case to what was shown by the accounts and this seems from the nature of the case to be the only practical way the instructions could have been framed. While in modified form, we believe the instructions followed the spirit and intent of Illinois Pattern Jury Instructions 20.01 and 21.02 as to the issues and the burden of proof.

We do not find the cases cited by the defendants in their brief in support of their objections to be at all apposite to the cases at hand. They were all personal injury cases involving issues of negligence and their facts have no relevance in deciding the propriety of the instructions given in the case before us. We do not think the trial court erred in giving a modified IPI instruction designed to cover the practicalities of the actual case before him. The trial court has considerable discretion in determining the form in which an instruction shall be given. (*Schmidt v. Blackwell,* 15 Ill.App.3d 190.) Moreover, each party is entitled to have the jury instructed on its theory of the case, provided there is evidence in the testimony to support such theory. (*Trombridge v. Chicago & Illinois Midland Ry. Co.,* 131 Ill.App.2d 707; *Garrett v. Babb,* 24 Ill.App.3d 941.) The fact that the jury returned verdicts in the exact amounts claimed in each count does not indicate that the instructions were prejudicial in setting out these amounts as being what the plaintiff had to prove was owed to it. The defendants, while they disagreed with the amounts claimed, never established any concrete basis for a believable alternative, thus leaving the jury with no other point of reference from which to derive a measure of damages than the plaintiff's invoices and accounts, and the exhibits (invoices and accounts) bear out the amounts set out in the instructions and the amounts awarded. We therefore find no error and no prejudice to the defendants in the giving of the instructions in question.

■ The defendants object further to the introduction into evidence of two group exhibits, Nos. 4 and 6. The basis of the objection is apparently that the records are business records for which a proper foundation must be laid before they can be introduced. Defendants contend that no proper foundation was laid since the person testifying as to the records did not prepare them and could not vouch for their correctness and

could not identify the persons who prepared the documents nor where or when they were prepared.

We are not impressed with this objection for two reasons. First, the documents in question are monthly statements which collect the information shown on certain individual invoices, which were attached to the monthly statements in question and show the details of each of the transactions indicated on the monthly statement. The invoices were all signed with the initial of the defendant, Ivan Haijenga, as being received by him and according to the testimony of the plaintiff's agent, Nelson, represent products taken out of the Haijenga warehouse to be charged to their own account for delivery to defendants' retail customers. Nelson testified that the invoices were not extended as to price and total charges at the time the material was taken from the warehouse but these invoices were sent to Peoria for pricing. Since the amounts shown on the monthly statements in question only reflect the actual invoices and since the material was receipted for, it would appear that these accounts were not the primary source to establish plaintiff's claim for these particular amounts, as the invoices were sufficient evidence that the material was chargeable to Forreston. Secondly, while the defendants contend these records were not made in the regular course of business, the agent, Nelson, testified that they were (abstract at 30), and we believe these records fall within the ambit of Supreme Court Rule 236 which reads as follows:

> "(a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility. The term 'business,' as used in this rule, includes business, profession, occupation, and calling of every kind."

Agrico's agent, Nelson, testified that the monthly statements were prepared "shortly after" each of the transactions in question occurred and that they were sent out in the regular course of business after the statements were prepared in Peoria. We believe, therefor, that these records are admissible under the rule. We do not regard the lack of certainty as to who prepared the records or exactly when as significantly affecting their admissibility. The modern trend necessarily tends to be more liberal

as to the admission of business records as business gets more complicated and transactions are broken down into various operations so that no particular person can identify any particular operation. In *Myers v. Spohnholtz*, 11 Ill.App.3d 560, where objection was made as to the admissibility of certain personnel records of a labor union, the appellate court ruled the records were admissible under Rule 236, even though these records were not supported by testimony as to who prepared them or when they were prepared. Likewise, in *Atlee Electric Co. v. Johnson Construction Co.*, 14 Ill.App.3d 716, which involved a claim under a mechanic's lien, the court allowed records to be introduced even though they were typed by one department from material developed in another department and no specific witness could identify the entries as being connected with the particular transaction in question, from his personal knowledge. The records were admitted as falling within the limits of Rule 236 since they were made in the regular course of business according to the established practice of the business. Rule 236 appears to be a necessary modification of the general hearsay rule requiring proper foundation for the admission of certain types of evidence and gives recognition to the growing complexity of modern business methods and procedures. We agree with the trial court that the records in question here were admissible under that rule.

The judgment of the trial court is affirmed.

Judgment affirmed.

T. MORAN and DIXON, JJ., concur.